**Ernesto RODRIGUEZ–VERA, aka Ernesto Rodriguez Vera, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–72543.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 8, 2009.*

Filed Oct. 13, 2009.

Kaaren L. Barr, Esquire, Seattle, WA, pro se.

David V. Bernal, Esquire, Anthony P. Nicastro, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: D.W. NELSON, SILVERMAN, and IKUTA, Circuit Judges.

MEMORANDUM **

Rodriguez–Vera argues that, because Revised Code of Washington § 9.41.170 includes antique firearms in its definition of firearms, his conviction under that statute does not categorically qualify as a firearm offense for purposes of being statuto-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

rily ineligible for cancellation of removal under 8 U.S.C. § 1229(b)(1)(C) (referencing 8 U.S.C. § 1227(a)(2)). But Rodriguez–Vera failed to raise this argument before the BIA. Accordingly, Rodriguez–Vera failed to exhaust his administrative remedies, *see Zara v. Ashcroft,* 383 F.3d 927, 930 (9th Cir.2004) (holding that a petitioner "must specify which issues form the basis of the appeal"), and we lack jurisdiction. *See* 8 U.S.C. § 1252(d)(1); *Tejeda–Mata v. INS,* 626 F.2d 721, 726 (9th Cir. 1980) (holding that "if a petitioner wishes to preserve an issue for appeal, he must first raise it in the proper administrative forum").

**DISMISSED.**